IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| ARTHUR JAMES DAVIS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-02833-JTF-cgc |
| | ) | |
| THE STANDARD INSURANCE CO, | ) | |
| and THE CITY OF MEMPHIS | ) | |
| GOVERNMENT, DEPARTMENT OF | ) | |
| HOUSING AND | ) | |
| CODE ENFORCEMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS; ORDER OVERRULING OBJECTIONS; ORDER OF DISMISSAL WITH PREJUDICE; ORDER DENYING PLAINTIFF PERMISSION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is Plaintiff's *pro se* Complaint that was filed on November 30, 2018, against the Defendants Standard Insurance Company ("Standard"), the City of Memphis, the Department of Housing and Code Enforcement for alleged civil rights violations under 42 U.S.C. §1983. On December 11, 2018, the matter was referred to the assigned Magistrate Judge for management of all pretrial matters pursuant to 28 U.S.C. §§ 636 and 1915(e)(2)(B) and Fed. R. Civ. P. 73. On April 2, 2019, Standard filed a Motion to Dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m). (ECF No. 7.) On July 1, 2019, the Magistrate Judge entered a Report and Recommendation, recommending that Defendant's Motion to Dismiss for insufficient service of process should be denied. (ECF No. 8.) On the same date, the Magistrate

1

Judge also issued an Order Granting Plaintiff Leave to Proceed *In Forma Pauperis* and another Report and Recommendation which recommended dismissal of the Complaint for Plaintiff's failure to state a claim for which relief could be granted under 28 U.S.C. § 1915(e)(2) and for lack of subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332. (ECF No. 9.) On July 16, 2019, Plaintiff filed Objections. (ECF No. 10.)

## I. **FINDINGS OF FACT**

On July 1, 2019, the Magistrate Judge's first Report and Recommendation recommended denying Defendant Standard's Motion to Dismiss as premature. The Magistrate Judge then decided to grant Plaintiff *in forma pauperis* status and allow Plaintiff to commence this action without paying the requisite $400 filing fee pursuant to 28 U.S.C. §§ 1914(a) and 1915(a). (ECF No. 8.) The Magistrate Judge proceeded to screen the Complaint. (ECF No. 9.) In making the recommendation to dismiss the Complaint, the Magistrate Judge provided a brief overview of the facts of this case. (*id*. at 2.) The Magistrate Judge indicated that Plaintiff's § 1983 claim for $3.7 million is based on Standard's refusal to reinstate Plaintiff's disability payments following the expiration of the two-year payout period. (*id.* & ECF No. 1, 2–4 at ¶ IV.) In his objections, Plaintiff argues that he did not allege a claim for denial of disability benefits under ERISA. (ECF No. 10 at 1–2.) In addressing whether Plaintiff had raised a viable § 1983 claim or any other claim for which the Court would have subject matter jurisdiction, the Magistrate Judge determined that Plaintiff had not raised a claim under ERISA, a federal statute. However, the Magistrate Judge observed that Plaintiff's claim would have been barred by the applicable six-year statute of limitations period for breach of contract claims. (ECF No. 9, 5–6 n. 3.) As such, this objection is Overruled and the Magistrate Judge's summary of the facts of this case are Adopted.

## II. <u>LEGAL STANDARD</u>

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of court, of any motion excepted in subparagraph (A) [for which a motion for summary judgment, judgment on the pleadings, motion to dismiss, etc. are included]"). The district court judge has the authority to review the magistrate judge's proposed findings of fact and recommendations under a *de novo* determination. *See* 28 U.S.C. § 636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."); *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting *Matthews v. Weber*, 423 U.S. 261, 275 (1976) ("in providing for a '*de novo* determination' Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")

## III. <u>ANALYSIS</u>

A. <u>The First Report and Recommendation Regarding Untimely Service of Process</u>

As noted above, the Magistrate Judge's first Report and Recommendation recommended denial of Standard's Motion to Dismiss for Plaintiff's failure to timely serve the Complaint and Summons pursuant to Fed. R. Civ. P. 4(m). The Magistrate Judge noted that in cases in which a *pro se* non-prisoner plaintiff is proceeding *in forma pauperis*, the time to effect service of process is tolled until the Court has conducted a screening pursuant to 28 U.S.C. §1915(e)(2)(B) and

directed the Clerk of Court to issue summons. There were no objections by either party to the legal findings of this report and recommendation. As stated by the Magistrate Judge, the Court had not yet directed the Clerk to issue any summonses for service by the U.S. Marshal, therefore Standard's motion to dismiss the case for lack of service within 90 days was premature.

Accordingly, the first Report and Recommendation, ECF No. 8, is Adopted. Standard's Motion to Dismiss for insufficient service of process, ECF No. 7, is Denied. *See* Fed. R. Civ. P. 4(c)(3), L.R. 4.1(b)(2); and 28 U.S.C. §§ 1915(e)(2)(B) and (d).

B. The Second Report and Recommendation for Failure to State a Claim/Jurisdiction

In the second Report and Recommendation, the Magistrate Judge recommends dismissal of Plaintiff's § 1983 claim for lack of subject matter jurisdiction and failure to state a claim for which relief may be granted. (ECF No. 9, 3–7.) While liberally construing Plaintiff's Complaint, the Magistrate Judge concluded that the undersigned Court does not have subject matter jurisdiction because Plaintiff has not alleged that Standard, while acting under color of state law, deprived him of a right that is secured by the Constitution in violation of 42 U.S.C. §1983. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970) and *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). She further elaborated that the Court is required to screen all *in forma pauperis* complaints and dismiss any complaint or any portion of those complaints that fail to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2).

Plaintiff objected to the Magistrate Judge's report, asserting that he received the last letter from Standard denying the reinstatement of his benefits in 2012 and that he has continued to press forward with appeals of the denial of his benefits since that time. (ECF No. 10.) Plaintiff further asserts that the statute of limitations period for his breach of contract claim should not have begun until 2012, the date in which he was notified by Standard of the final denial of benefits. (*Id*. at 2.)

This objection does not address the Magistrate Judge's substantive findings that Plaintiff has neither raised a federal claim which provides jurisdiction in this Court or pled the elements of a § 1983 claim. As noted by the Magistrate Judge, Standard, a private insurance company, denied paying Plaintiff any additional benefits beyond the expiration of the term allowed. A claim for a civil rights violation under § 1983 must be based on a deprivation of a liberty or property interest that is protected by the United States Constitution. Said deprivation must have been committed by the government or a governmental agency. *See Rowe v. Board of Educ. of City of Chattanooga*, 938 S.W.2d 351, 354 (Tenn. 1996). "To have a property interest in a benefit, a person must clearly have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it... Property interests, of course, are not created by the Constitution." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Therefore, Plaintiff has failed to allege a viable § 1983 claim for relief and the case must be dismissed.

After reviewing *de novo* the Magistrate Judge's Reports and Recommendations, Defendant's Motion to Dismiss, Plaintiff's Objections, and the entire record, the Court hereby ADOPTS the Magistrate's Reports and Recommendations and orders the case dismissed with prejudice.

Accordingly, Defendant's Motion to Dismiss is DENIED but the case is DISMISSED with prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(6) and for Plaintiff's failure to state a claim for relief under 28 U.S.C. § 1915(e)(2).

**APPELLATE ISSUES**

A Certificate of Appealability ("COA") may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial

showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (*per curiam*) (holding a prisoner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that the issues presented warrant encouragement to proceed further). A COA does not require a showing that the appeal will succeed. *Welch v. United States*, 136 S.Ct. 1257, 1263 (2016); *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller –El*, 537 U.S. at 337.

In this case, there can be no question that the claims in Petitioner's Motion are noncognizable and without merit. Because any appeal by Petitioner on the issues raised in the instant Motion do not deserve attention, the Court **DENIES** a COA.

In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED**.[1]

**IT IS SO ORDERED** on this 25th day of July, 2019.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).